## TAUSSIG v. NORTH WAYNE TOOL CO.

(Circuit Court, D. Maine. July 10, 1907.)

No. 574.

PATENTS—VALIDITY AND INFRINGEMENT—GRASS HOOK.

The Sellers patent, No. 529,685, for a grass hook, having as its essential features the handle raised above the level of the blade, and the blade balanced evenly on either side of the handle, is not for a mere aggregation of old elements, but covers a true combination of the two elements which conjointly produce a new and improved result, and discloses invention. Also, held infringed.

In Equity.

Briesen & Knauth, for complainants.
Clifford, Verrill & Clifford, for respondents.

HALE, District Judge. This suit in equity is brought by the owner of letters patent No. 529,685, issued upon the invention of William Sellers for a grass hook. The invention is shown in the claim:

"What I claim is: In a grass hook a handle raised above the level of the blade, whereby, when the blade is on the ground, the hand of the operator will be free from same; the said blade being balanced in the manner and for the purpose set forth."

It is urged by the respondent that the patent in suit is for a mere aggregation of old elements producing no new result. The two elements of the patent are the raising of the handle above the level of the blade and the balancing of the blade so that the "weight of the hook on one side of a line taken longitudinally through the center of the handle would be the same as that on the other side"; or, in other words, the elevated handle and the self-balancing blade. It is insisted with much confidence by the learned counsel for the respondent that combining two old features in one device does not make the resulting device patentable, unless it produces some new and useful result, and that no such result is produced by the patent in suit. It appears from the record that the patentee found raised handles in the prior art, and that he also found certain methods of balancing the blade, although some of those methods were crude when compared with complainant's grass hook. It is unnecessary to analyze the different patents which present the above features. The crucial question before the court is whether the patentee has merely put together old devices without producing a new and useful result, distinctly due to the joint and co-operating action of the old elements.

After a careful examination of the device of the patentee, I am persuaded that the combination in that device presents something more than a collection, or mere aggregation, of two old elements. I think the patentee has united these elements to make a practical, working device; that he has taken the "last step," which had not been taken by other inventors, and has produced something new, useful, and patentable. The utility of the invention is attested by the fact in testimony that the grass hook of the inventor has become a popular one on the market; that its sales have increased from year to year; and that it has superseded other grass hooks. Under the familiar decisions of the patent law, I think the record discloses a patent which the court must recognize. Upon a full examination of the testimony and of the device of the respondent, I cannot escape the conviction that this device is an infringement.

There will be a decree for complainant for an injunction and accounting, with costs.